LEVI T. BOOTHBY *vs.* REUEL W. WOODMAN.

Somerset, 1876.—June 24, 1876.

*Exceptions.*

Exceptions will not be sustained, unless it affirmatively appear that the party excepting is aggrieved by the ruling of which he complains.

ON EXCEPTIONS.

ASSUMPSIT, originally brought at the September term, 1875, on account annexed alone, which was as follows:

"R. W. Woodman to L. T. Boothby,              Dr.

| | |
|---|---:|
| To balance of account, | $24.33 |
| To interest on same, | 2.92 |
| | $27.25 |

At the September term, 1875, the plaintiff was allowed by the presiding judge to amend the declaration by adding an omnibus count.

At the trial no evidence of any account between the parties was offered. The verdict was for the plaintiff; and the defendant excepted to the ruling allowing the amendment.

*S. S. Brown,* for the defendant.

The second count is not admissible, because it enlarges the claim presented by the plaintiff, and introduces new causes of action. *Butler* v. *Millett,* 47 Maine, 492.

*S. S. Chapman,* for the plaintiff.

The defendant's proper course was either to move the court to order a bill of particulars to be filed, or to demur to the first count before the amendment was granted. He neglected to do either, but went to trial upon the general issue; and the presumption is, that he had no need of any information as to what particular claims, or demands, in assumpsit, were sought to be recovered. *Harrington* v. *Tuttle,* 64 Maine, 474. *Bennett* v. *Davis,* 62 Maine, 544.

The specification in the new count clearly indicates that the subject matter of the new count is the same as that of the old, and that the new count is only a variation of the form of demanding and declaring, which is allowable. See Parker, C. J.'s, rule as to amendments, in *Ball* v. *Claflin,* 5 Pick. 303, 306.

APPLETON, C. J. The writ in this case originally contained but one count, in which the plaintiff sought to recover a balance of account. The writ was amended at the plaintiff's instance by the insertion of a general count, for work and labor, goods sold,

materials furnished, money had and received, &c., with the following specification : "The plaintiff claims to recover, under this general count, the amount specified in the first count with legal costs." The defendant neither demurred to the original, nor to the amended count, nor did he call for a bill of particulars as he might have done, but proceeded to trial. He was not surprised; for if he had been, he should have asked for delay. It would seem that he was at no loss to understand what was the claim sought to be recovered ; for he asked for no specification of what it might be. Indeed, it is impossible to perceive wherein the defendant has been aggrieved.

Exceptions will not be sustained, unless it affirmatively appear that the party excepting, has in some way suffered by the ruling of which he complains.                          *Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.